UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JUDITH E. UPSHAW, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>      Defendant. ) | No. 3:11-cv-47<br>(Phillips/Shirley) |

## MEMORANDUM AND ORDER

### I. Introduction

This Social Security appeal is before the Court for consideration of the Plaintiff's objections [Doc. 16] to the report and recommendation ("R&R") [Doc. 15] filed by the Honorable C. Clifford Shirley, United States Magistrate Judge. For the reasons contained herein, it is **ORDERED** that Plaintiff's objections to the R&R are **OVERRULED**; Plaintiff's motion for summary judgment [Doc. 11] is **DENIED**; and Defendant Commissioner's motion for summary judgment [Doc. 13] is **GRANTED**.

### II. Background

On October 16, 2006, Plaintiff Judith Upshaw filed an application for disability insurance benefits and/or supplemental security income, alleging a period of disability beginning August 1, 2006. [Tr. 202-09.] The claim was denied initially and upon reconsideration. In October of 2009, Ellen Denny, Ph.D., performed a consultative examination of Plaintiff for the Tennessee Disability Determination Services. [Tr. 483-91.] Based on this examination, Dr. Denny concluded:

> In regards to cognitive and psychological limitations, the claimant displays moderate impairment in understanding and remembering. She displays moderate impairment in sustaining concentration and attention. She displays mild impairment in interacting with others. She displays moderate impairment in adjusting to changes and requirements.

[Tr. 488.] Dr. Denny also reported that Plaintiff was mildly limited in her ability to interact appropriately with the public, supervisors, and co-workers, [Tr. 490]; moderately limited in her ability to understand, remember, and carry out simple instructions, make judgments on simple work-related decisions, and respond appropriately to usual work situations and to changes in a routine work setting, [Tr. 489-90]; and markedly limited in her ability to understand, remember, and carry out complex instructions and to make judgments on complex work-related decisions, [Tr. 489].

The Administrative Law Judge ("ALJ") held a hearing on November 10, 2009 to review determination of Plaintiff's claim. [Tr. 83-97.] He subsequently concluded that Plaintiff was not disabled. [Tr. 68-78.] The ALJ's final decision devotes two pages to Dr. Denny's findings, ultimately summarizing them as follows:

> [Plaintiff] functions in the borderline range of intellectual functioning. . . . Moreover, Examiner Denny assessed that [Plaintiff] would have marked impairments in understanding, remembering, and carrying out complex instructions, to make judgments on complex work-related decisions, but not simple instructions. Further, she has the ability to interact appropriately with supervisors, co-workers, and the public, as well as respond to changes in the routine work setting.

[Tr. 72-73.] After taking into account other testimony and other medical reports on record concerning Plaintiff's physical health, daily activities, and social functioning, the ALJ was "persuaded that, while the claimant's mental and physical impairments affect[] her ability to function, they do not significantly erode her occupational base in that she can perform no work activity. [Tr. 76.] The ALJ's residual functional capacity ("RFC") determination ultimately concluded that Plaintiff possessed the ability to perform "simple, repetitive non-detailed tasks where

co-worker and public contact is casual and infrequent, where supervision is direct and non-confrontational, and where changes in the workplace are infrequent and gradually introduced." [Tr. 74.] The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

Plaintiff sought judicial review of the Commissioner's decision. The R&R issued by Magistrate Judge Shirley found that the ALJ properly reviewed and weighed the evidence to determine Plaintiff was capable of performing a restricted range of light work, and that substantial evidence supported the ALJ's findings and conclusions. [Doc. 15.] The R&R recommended that Plaintiff's Motion for Summary Judgment [Doc. 11] be denied and that Defendant Commissioner's Motion for Summary Judgment [Doc. 13] be granted.

Plaintiff's objections to the R&R contend that Dr. Denny's medical opinion "indicates Plaintiff is more mentally limited than found by the ALJ," and that the R&R therefore erred in finding that the ALJ's RFC determination was supported by substantial evidence. [Doc. 16.] Specifically, Plaintiff claims that, because the ALJ did not incorporate into its final decision all of the work-related mental limitations noted by Dr. Denny or explain the weight accorded to Dr. Denny's opinion, the R&R erred in recommending summary judgment in favor of Defendant Commissioner. *Id.*

### III. Standard of Review

As required by 28 U.S.C. § 36(b)(1) and Federal Rule of Civil Procedure 72(b), this court now undertakes a *de novo* review of those portions of the R&R to which Plaintiff objects. A Commissioner's conclusion should be affirmed absent a determination that the ALJ applied incorrect

-3-

legal standards or made findings of fact unsupported by substantial evidence. *Kyle v. Comm'r of Soc. Sec.*, 299 Fed. App'x 516, 521 (6th Cir. 2008). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALF, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

**IV.**     **Analysis**

An ALJ must analyze every medical opinion received and determine the weight to give such opinions in making a disability determination. 20 C.F.R. § 404.1526(d) (West 2010). Opinions of examining sources, like Dr. Denny, are not entitled to controlling weight. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010). Instead, the ALJ determines the weight to accord such opinions based on "the length and nature of the treatment relationship, the evidence that the physician offered in support of her opinion, how consistent the opinion is with the record as a whole, and whether the physician was practicing in her specialty." *Id.*; *see also* 20 C.F.R. § 404.1526(d). The Sixth Circuit has held that "the ALJ is not required to discuss every piece of medical opinion evidence" in its final decision, *Karger v. Comm'r of Soc. Sec.*, 414 Fed. App'x 739, 753 (6th Cir. 2011), so long as he "consider[s] the evidence as a whole and reach[es] a reasonable conclusion," *Bosely v. Comm'r of Soc. Sec.*, 397 Fed. App's 195, 199 (6th Cir. 2010). The ALJ must discuss "enough of that evidence to enable [a reviewing court] to determine whether substantial evidence supports the determination . . . ." *Karger*, 414 Fed. App'x at 753.

In compliance with the aforementioned requirements, the ALJ examined, described, and accorded sufficient weight to each report on record, including the medical report filed by Dr.

-4-

Denny. The parties do not dispute that Dr. Denny was a non-treating, examining source, and that the ALJ had discretion as to the weight to accord her opinion. The ALJ's discussion of Dr. Denny's report is sufficiently lengthy to prove that the ALJ gave it the necessary credence. The ALJ includes details about how Plaintiff arrived at the consultative examination with Dr. Denny, the manner in which Plaintiff responded to Dr. Denny's questioning and testing, the physical quirks Plaintiff exhibited during the questioning, the content of Plaintiff's responses, and the conclusions Dr. Denny surmised from her observations and testing. Plaintiff takes issue with the fact that the ALJ did not include all of Dr. Denny's noted work-related mental limitations, but the ALJ did not err in failing to discuss every detail of the report. *See Karger*, 414 Fed. App'x at 753. It is sufficient that the ALJ summarized enough of the report to show that his decision to deny benefits was reasonable and based on substantial evidence.

The ALJ's final RFC holding is further evidence that the ALJ relied heavily on Dr. Denny's findings regarding Plaintiff's restrictions and limitations. It concluded that Plaintiff was suited only for simple, repetitive non-detailed tasks, *see* [Tr. 488 ("moderate impairment in sustaining concentration and attention"), 489 (moderate impairment in understanding and remembering simple instructions, in carrying out simple instructions, and in making judgments on simple work-related decisions; marked impairment in understanding and remembering complex instructions, carrying out complex instructions, making judgments on complex work-related decisions)], where co-worker and public contact is casual and infrequent, *see* [Tr. 488 ("mild impairment in interacting with others"), 489 (mild impairment in interacting appropriately with the public, supervisors, and co-workers)], where supervision is direct and non-confrontational, *id.*, and where changes in the workplace are infrequent and gradually introduced, *see* [Tr. 488 ("moderate

impairment in adjusting to changes and requirements"), 489 (moderate impairment in responding appropriately to usual work situations and to changes in a routine work setting)]. [Tr. 74.]

Finally, the ALJ expressly noted its reason for departing from and not according controlling weight to those portions of Dr. Denny's report that conflicted with the other testimony and expert evidence on report: "while the claimant's mental and physical impairments affect[] her ability to function, they do not significantly erode her occupational base in that she can perform no work activity." [Tr. 76.] In so concluding, the ALJ relied on the physical health reports of Dr. Syed Husnain and Dr. Jeffrey Summers, and on Plaintiff's own testimony regarding her ability to perform most activities of daily living without assistance and her social functioning. [Tr. 73-74.] The ALJ also took into account Plaintiff's behavior during the hearing, and her ability to understand and follow the hearing proceedings and all lines of questioning. [Tr. 73.] Though, like the report of Dr. Denny, the additional medical reports, testimonials, and ALJ observations were not controlling or determinative as to Plaintiff's residual functional capacity, it was reasonable and entirely within the ALJ's discretion to conclude that the record as a whole supported his RFC determination and denial of benefits.

**IV. Conclusion**

The ALJ's decision contained a detailed summary of and accorded a sufficient amount of weight to Dr. Denny's testimony, and had substantial evidentiary support for its residual functional capacity determination and ultimate denial of benefits. For the reasons stated herein, Plaintiff's objections [Doc. 16] to the R&R are hereby **OVERRULED**, and the R&R [Doc. 15] is **ACCEPTED IN WHOLE** under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure. It is **ORDERED,** for the reasons stated in the R&R, which the court adopts and incorporates into its ruling, that Plaintiff's motion for summary judgment [Doc. 11] is **DENIED;** Defendant Commissioner's motion for summary judgment [Doc. 13] is **GRANTED**; Defendant Commissioner's decision to deny Plaintiff's application for benefits under the Social Security Act is **AFFIRMED;** and this case is **DISMISSED.**

        **IT IS SO ORDERED**.

        **ENTER:**

ENTERED AS A JUDGMENT
s/ *Debra C. Poplin*
CLERK OF COURT

    s/ Thomas W. Phillips
  United States District Judge